# Supreme Court of Florida

_____

No. SC20-597
_____

**IN RE: AMENDMENTS TO FLORIDA RULES OF APPELLATE PROCEDURE 9.120 AND 9.210.**

December 3, 2020
**<u>CORRECTED OPINION</u>**

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Appellate Procedure. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

## BACKGROUND

The Florida Bar's Appellate Court Rules Committee (Committee) has filed a report proposing amendments to rules 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal) and 9.210 (Briefs). In addition, the Court severed the following proposals from *In re Amendments to the Florida Rules of Appellate Procedure—2020 Regular-Cycle Report*, 45 Fla. L. Weekly S282 (Fla. Oct. 29, 2020), for consideration in this case: 9.100 (Original Proceedings), 9.125 (Review of Trial Court Orders and Judgments Certified by the District Courts of

Appeal as Requiring Immediate Resolution by the Supreme Court of Florida), 9.141 (Review Proceedings in Collateral or Postconviction Criminal Cases), 9.142 (Procedures for Review in Death Penalty Cases), 9.225 (Notice of Supplemental Authority), 9.370 (Amicus Curiae), 9.900(j) (Forms; Notice of Supplemental Authority), and proposed new rule 9.045 (Form of Documents).

The Committee published its proposals for comment prior to filing them with the Court and received two comments. Upon consideration of the comments, the Committee did not alter its proposals. After the Committee filed its report, the Court republished the proposals for comment; no comments were received.

Having considered the Committee's report, we adopt the amendments to the Florida Rules of Appellate Procedure as proposed by the Committee, except for the proposed amendments to rules 9.225 (Notice of Supplemental Authority) and 9.900(j) (Forms; Notice of Supplemental Authority), which we decline to adopt. We explain our reasons below, as well as discuss some of the significant rule amendments.

**AMENDMENTS**

New rule 9.045 (Form of Documents) sets out the formatting requirements for all documents filed with an appellate court. Subdivision (a) (Generally) of the new rule makes clear that the formatting requirements in rule 9.045 are in addition to those set out in Florida Rule of Judicial Administration 2.520 (Documents). The

type of fonts permitted in documents filed with a court is changed in subdivision (b) (Line Spacing, Type Size, and Typeface) of the new rule to either Arial or Bookman Old Style. Because the new fonts take up more space on a page, page limits for computer-generated documents throughout the Florida Rules of Appellate Procedure are replaced with word counts. Page limits for handwritten and typewritten documents are unchanged. All computer-generated documents subject to a word count limit are required under subdivision (e) (Certificate of Compliance) of rule 9.045 to contain a certificate of compliance certifying that the document is in conformity with all font and word count requirements.

The formatting requirements contained in rules 9.100(*l*) (Original Proceedings; General Requirements; Fonts) and 9.210(a)(1)-(3) (Briefs; Generally) are deleted as duplicative of the requirements contained in new rule 9.045.

Next, subdivision (e) (Accepting or Postponing Decision on Jurisdiction; Record) of rule 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal) is amended to shorten the period of time for transmission of the record from sixty days to twenty-five days. Subdivision (g) (Briefs on Merits) of the same rule is also amended to extend the period of time for service of the initial brief from twenty days to thirty-five days after the Court accepts or postpones a decision on jurisdiction.

Lastly, we decline to adopt the Committee's proposed amendments to rules 9.225 (Notice of Supplemental Authority) and 9.900(j) (Forms; Notice of Supplemental Authority). The Committee proposes amending rule 9.225 and the corresponding form in rule 9.900(j) to permit the inclusion of argument in a notice of supplemental authority, as well as the filing of a response by an opposing party. The Committee did not provide a reasoned explanation for its proposed amendments, and we are concerned that permitting additional argument outside of the briefs will have an adverse impact on court resources and appellate proceedings.

## CONCLUSION

Accordingly, we amend the Florida Rules of Appellate Procedure as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The comments are offered for explanation and guidance only and are not adopted as an official part of the rules. The amendments shall become effective on January 1, 2021, at 12:03 a.m.

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, MUÑIZ, COURIEL, and GROSSHANS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Hon. Stephanie Williams Ray, Chair, and Thomas D. Hall, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida; and Joshua E. Doyle, Executive Director, and Krys Godwin, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

# Appendix

## RULE 9.045.    FORM OF DOCUMENTS

**(a)    Generally.** All documents, as defined in Florida Rule of Judicial Administration 2.520(a), filed with the court shall comply with Florida Rule of Judicial Administration 2.520 and with this rule. If filed in electronic format, parties shall file only the electronic version.

(**b)    Line Spacing, Type Size, and Typeface.** The text in documents shall be black and in distinct type, double-spaced. Text in script or type made in imitation of handwriting shall not be permitted. Footnotes and quotations may be single-spaced and shall be in the same size type, with the same spacing between characters, as the text in the body of the document. Headings and subheadings shall be at least as large as the document's text and may be single-spaced. Computer-generated documents shall be filed in either Arial 14-point font or Bookman Old Style 14-point font.

**(c)    Binding.** Documents filed in paper format shall not be stapled or bound.

**(d)    Signature.** All documents filed with the court must be signed as required by Florida Rule of Judicial Administration 2.515.

**(e)    Certificate of Compliance.** Computer-generated documents subject to word count limits shall contain a certificate of compliance signed by counsel, or the party if unrepresented, certifying that the document complies with the applicable font and word count limit requirements. The certificate shall be contained in the document immediately following the certificate of service. The word count shall exclude words in a caption, cover page, table of contents, table of citations, certificate of compliance, certificate of service, or signature block. The word count shall include all other words, including words used in headings, footnotes, and quotations. The person preparing the certificate may rely on the word count of the word-processing system used to prepare the document.

## RULE 9.100.    ORIGINAL PROCEEDINGS

**(a)-(f)**        [NO CHANGE]

**(g)     Petition.** The caption shall contain the name of the court and the name and designation of all parties on each side. The petition shall not exceed 13,000 words if computer-generated or 50 pages ~~in length~~if handwritten or typewritten and shall contain:

(1)-(4)          [NO CHANGE]

[NO CHANGE]

**(h)-(i)**          [NO CHANGE]

**(j)     Response.** Within the time set by the court, the respondent may serve a response, which shall not exceed 13,000 words if computer-generated or 50 pages ~~in length~~if handwritten or typewritten and which shall include argument in support of the response, appropriate citations of authority, and references to the appropriate pages of the supporting appendices.

**(k)     Reply.** Within 30 days thereafter or such other time set by the court, the petitioner may serve a reply, which shall not exceed 4,000 words if computer-generated or 15 pages ~~in length~~if handwritten or typewritten, and supplemental appendix.

**(*l*)     General Requirements; Fonts.** ~~The lettering in all petitions, responses, and replies filed under this rule shall be black and in distinct type, double-spaced, with margins no less than 1 inch. Lettering in script or type made in imitation of handwriting shall not be permitted. Footnotes and quotations may be single spaced and shall be in the same size type, with the same spacing between characters, as the text. Computer-generated petitions, responses, and replies shall be submitted in either Times New Roman 14-point font or Courier New 12-point font. All computer-generated petitions, responses, and replies shall contain a certificate of compliance signed by counsel, or the party if unrepresented, certifying that the petition, response, or reply complies with the font requirements of this rule. The certificate of compliance shall be contained in the petition, response, or reply immediately following the certificate of service.~~

**Committee Notes**

**1977-2010 Amendment.**  [NO CHANGE]

**2010 Note.**  [NO CHANGE]

**2020 Amendment.** Page limits for computer-generated petitions, responses, and replies were converted to word counts.

**Court Commentary**

[NO CHANGE]

**RULE 9.120.** **DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL**

**(a)-(b)** [NO CHANGE]

**(c)** **Notice.** The notice shall be substantially in the form prescribed by rule 9.900. The caption shall contain the name of the lower tribunal, the name and designation of at least 1 party on each side, and the case number in the lower tribunal. The notice shall contain the date of rendition of the order to be reviewed and the basis for invoking the jurisdiction of the supreme court.

**(d)** [NO CHANGE]

**(e)** **Accepting or Postponing Decision on Jurisdiction; Record.** If the supreme court accepts or postpones decision on jurisdiction, the court shall so order and advise the parties and the clerk of the district court of appeal. Within 6025 days thereafter or such other time set by the court, the clerk shall electronically transmit the record. The clerk shall transmit separate Portable Document Format ("PDF") files of:

(1)-(3) [NO CHANGE]

**(f)** [NO CHANGE]

**(g)** **Briefs on Merits.** Within 2035 days of rendition of the order accepting or postponing decision on jurisdiction, the petitioner shall serve the initial brief on the merits. Additional briefs, including any briefs on cross-review, shall be served as prescribed by rule 9.210.

**Committee Notes**

[NO CHANGE]

- 8 -

**RULE 9.125.**   **REVIEW OF TRIAL COURT ORDERS AND JUDGMENTS CERTIFIED BY THE DISTRICT COURTS OF APPEAL AS REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT OF FLORIDA**

**(a)-(d)**   [NO CHANGE]

**(e)**   **Form.** The suggestion shall ~~be limited to 5 pages~~not exceed 1,300 words if computer-generated or 5 pages if handwritten or typewritten and shall contain all of the following elements:

(1)-(4)   [NO CHANGE]

**(f)-(g)**   [NO CHANGE]

**Committee Notes**

**1980 Amendment.**  [NO CHANGE]

**2020 Amendment.** The page limit for a computer-generated suggestion was converted to a word count.

**RULE 9.141.**   **REVIEW PROCEEDINGS IN COLLATERAL OR POSTCONVICTION CRIMINAL CASES**

**(a)**   [NO CHANGE]

**(b)**   **Appeals from Postconviction Proceedings Under Florida Rules of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, or 3.853.**

(1)   [NO CHANGE]

(2)   **Summary Grant or Denial of All Claims Raised in a Motion Without Evidentiary Hearing.**

(A)-(B)   [NO CHANGE]

(C)   **Briefs or Responses.**

(i)     Briefs are not required, but the appellant may serve an initial brief within 30 days of filing the notice of appeal. The appellee need not file an answer brief unless directed by the court. <u>The initial brief shall comply with the word count (if computer-generated) or page limits (if handwritten or typewritten) set forth in rule 9.210 for initial briefs.</u> The appellant may serve a reply brief as prescribed by rule 9.210.

(ii)     The court may request a response from the appellee before ruling, regardless of whether the appellant filed an initial brief. The appellant may serve a reply within 30 days after service of the response. The response and reply shall ~~not exceed~~<u>comply with</u> the <u>word count (if computer-generated) or</u> page limits <u>(if handwritten or typewritten)</u> set forth in rule 9.210 for answer briefs and reply briefs.

**(D)**     [NO CHANGE]

**(3)**     [NO CHANGE]

**(c)-(d)**     [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**RULE 9.142.     PROCEDURES FOR REVIEW IN DEATH PENALTY CASES**

**(a)     Procedure in Death Penalty Appeals.**

**(1)     Record.**

(A)     [NO CHANGE]

(B)     The complete record in a death penalty appeal shall include all items required by rule 9.200 and by any order issued by the supreme court. In any appeal following the initial direct appeal, the record ~~that is electronically transmitted shall begin with the most recent mandate issued by the supreme court, or the most recent filing not already electronically transmitted in a prior record in the event the preceding appeal was disposed of without a mandate, and~~ shall exclude any materials already transmitted to the supreme court as the

- 10 -

record in any prior appeal. The clerk of the lower tribunal shall retain a copy of the complete record when it transmits the record to the supreme court.

(C)     [NO CHANGE]

**(2)-(5)**     [NO CHANGE]

**(b)**     [NO CHANGE]

**(c)     Petitions Seeking Review of Nonfinal Orders in Death Penalty Postconviction Proceedings.**

**(1)-(7)**     [NO CHANGE]

**(8)     Reply.** Within 30 days after service of the response or such other time set by the court, the petitioner may serve a reply, which shall not exceed 15 pages in length, and supplemental appendix.

**(9)-(11)**     [NO CHANGE]

**(d)**     [NO CHANGE]

**Committee Notes**

[NO CHANGE]

**Criminal Court Steering Committee Note**

[NO CHANGE]

**RULE 9.210.     BRIEFS**

**(a)     Generally.** Unless otherwise ordered by the court, the only briefs permitted to be filed by the parties in any 1 proceeding are the initial brief, the answer brief, and a reply brief. A cross-reply brief is permitted if a cross-appeal has been filed or if the respondent identifies issues on cross-review in its brief on jurisdiction in the supreme court. All briefs required by these rules shall be prepared as follows:

(1)     When not filed in electronic format, briefs shall be printed, typewritten, or duplicated on opaque, white, unglossed paper. The dimensions of

each page of a brief, regardless of format, shall be 8 1/2 by 11 inches. When filed in electronic format, parties shall file only the electronic version.

(2)     The lettering in briefs shall be black and in distinct type, double-spaced, with margins no less than 1 inch. Lettering in script or type made in imitation of handwriting shall not be permitted. Footnotes and quotations may be single spaced and shall be in the same size type, with the same spacing between characters, as the text in the body of the brief. Headings and subheadings shall be at least as large as the brief's text and may be single-spaced. Computer-generated briefs shall be filed in either Times New Roman 14-point font or Courier New 12-point font. All computer-generated briefs shall contain a certificate of compliance signed by counsel, or the party if unrepresented, certifying that the brief complies with the font requirements of this rule. The certificate of compliance shall be contained in the brief immediately following the certificate of service.

(3)     Briefs filed in paper format shall not be stapled or bound.

(4)——The cover sheet of each brief shall state the name of the court, the style of the cause, including the case number if assigned, the lower tribunal, the party on whose behalf the brief is filed, the type of brief, and the name, address, and e-mail address of the attorney filing the brief.

(52)     Computer-generated briefs shall not exceed the word count limits of this subdivision. Handwritten or typewritten briefs shall not exceed the page limits of this subdivision. The page limits for briefs shall be as follows:

(A)     Briefs on jurisdiction shall not exceed 2,500 words or 10 pages.

(B)     Except as provided in subdivisions (a)(52)(C) and (a)(52)(D) of this rule, the initial and answer briefs shall not exceed 13,000 words or 50 pages and the reply brief shall not exceed 4,000 words or 15 pages. If a cross-appeal is filed or the respondent identifies issues on cross-review in its brief on jurisdiction in the supreme court, the appellee or respondent's answer/cross-initial brief shall not exceed 22,000 words or 85 pages, and the appellant or petitioner's reply/cross-answer brief shall not exceed 13,000 words or 50 pages, not more than 4,000 words or 15 pages of which shall be devoted to argument replying to the answer portion of the appellee or respondent's answer/cross-initial brief. Cross-reply briefs shall not exceed 4,000 words or 15 pages.

(C)    In an appeal from a judgment of conviction imposing a sentence of death or from an order ruling after an evidentiary hearing on an initial postconviction motion filed under Florida Rule of Criminal Procedure 3.851, the initial and answer briefs shall not exceed 25,000 words or 100 pages and the reply brief shall not exceed 10,000 words or 35 pages. If a cross-appeal is filed, the appellee's answer/cross-initial brief shall not exceed 40,000 words or 150 pages and the appellant's reply/cross-answer brief shall not exceed 25,000 words or 100 pages, not more than 10,000 words or 35 pages of which shall be devoted to argument replying to the answer portion of the appellee's answer/cross-initial brief. Cross-reply briefs shall not exceed 10,000 words or 35 pages.

(D)    [NO CHANGE]

(E)    The cover sheet, the tables of contents and citations, the certificates of service and compliance, and the signature block for the brief's author shall be excluded from the word count and page limits in subdivisions (a)(52)(A)–(a)(52)(D). For briefs on jurisdiction, the statement of the issues also shall be excluded from the page limit in subdivision (a)(52)(A). All pages not excluded from the computation shall be consecutively numbered. The court may permit longer briefs.

(63)    Unless otherwise ordered by the court, an attorney representing more than 1 party in an appeal may file only 1 initial or answer brief and 1 reply brief, if authorized, which will include argument as to all of the parties represented by the attorney in that appeal. A single party responding to more than 1 brief, or represented by more than 1 attorney, is similarly bound.

(b)    **Contents of Initial Brief.** The initial brief shall contain the following, in order:

(1)-(3)    [NO CHANGE]

(4)    a summary of argument, suitably paragraphed, condensing succinctly, accurately, and clearly the argument actually made in the body of the brief, which should not be a mere repetition of the headings under which the argument is arranged, and should seldom exceed 2 and never 5 pages;

(5)    [NO CHANGE]

(6)    a short conclusion, of not more than 1 page, setting forth the precise relief sought;

- 13 -

(7)-(8)        [NO CHANGE]

**(c)-(h)**        [NO CHANGE]

## Committee Notes

**1977-1996 Amendment.**  [NO CHANGE]

**2020 Amendment.** Page limits for computer-generated briefs were converted to word counts. Page limits are retained only for briefs that are handwritten or typewritten.

## Court Commentary

[NO CHANGE]


**RULE 9.370.        AMICUS CURIAE**

**(a)**    [NO CHANGE]

**(b)    Contents and Form.** An amicus brief must comply with rule 9.210(b) but shall omit a statement of the case and facts and may not exceed 5,000 words if computer-generated or 20 pages if handwritten or typewritten. The cover must identify the party or parties supported. An amicus brief must include a concise statement of the identity of the amicus curiae and its interest in the case.

**(c)**    [NO CHANGE]

**(d)    Notice of Intent to File Amicus Brief in the Supreme Court of Florida.** When a party has invoked the discretionary jurisdiction of the supreme court, an amicus curiae may file a notice with the court indicating its intent to seek leave to file an amicus brief on the merits should the court accept jurisdiction. The notice shall state briefly why the case is of interest to the amicus curiae, but shall not contain argument. The body of the notice shall not exceed 250 words if computer-generated or 1 page if handwritten or typewritten.

## Committee Notes

[NO CHANGE]